Jones, J.
(concurring). I concur in the result reached by the majority but on a different analysis.
The application for access to the contents of respondent’s sealed records and papers was made in this instance at Criminal Term on behalf of the Committee on Grievances pursuant to CPL 160.50 (subd 1). It is conceded that such application falls within none of the categories listed in paragraph (d) of the subdivision. Nor, in my view, is it of a kind with those limited instances referred to in the majority opinion in which courts exercise reserved, inherent power to unseal or to seal records to protect the rights of litigants or other affected individuals in the interests of justice, or conceivably to assist public officials in the discharge of their duties in the public interest.
The application and the purpose to be served by the restricted unsealing in this instance is of a different genre. Here disclosure is sought to assist the courts themselves, or more precisely an arm of the court to which authority has been expressly delegated, in the oversight and discipline of attorneys and counselors at law. Responsibility therefor is vested by law exclusively in the Appellate Division (Judiciary Law, § 90, subd 2); Criminal Term has neither authority nor responsibility in such matters. Accordingly, the Appellate Division in this case properly determined that it was error for that court to have directed the unsealing of official records and papers relating to the criminal charge of which respondent was acquitted. We are not now asked to review a determination by the Appellate Division of an application to it for the issuance of an order making the sealed criminal proceeding records available in discharge of that court’s disciplinary responsibility.
Chief Judge Cooke and Judges Gabrielli and Wachtler concur with Judge Fuchsberg; Judge Jones concurs in result *666 in a separate opinion in which Judge Jasen concurs; Judge Meyer taking no part.
Order affirmed, with costs.